1
2
3

James E. Dunn - State Bar Number 188040
Attorney at Law
620 Jefferson Ave.
Redwood City, CA 94063
650-918-7384

4
5

Attorney for KATHY ARNOLD

6

7

8

9

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 KATHY ARNOLD, | ) Case No: |
| 11           Plaintiff, | ) |
| 12 vs. | ) **COMPLAINT FOR DAMAGES AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| 13 | ) |
| 14 CITY OF SAN JOSE, SAN JOSE | ) 1.   42 U.S.C. § 1983 et seq. |
| POLICE DEPARTMENT, OFFICER | )       (4th Amendment; Excessive Force) |
| 15 HUYNH (ID No. 3840), OFFICER | ) |
| GRAEME NEWTON (ID No. 4026), | ) 2.   42 U.S.C. § 1983 et seq. |
| 16 OFFICER BRIAN-ANTHONY | )       (4th Amendment; False Arrest) |
| ASUELO (ID No. 4232), AND DOES 1- | ) |
| 17 50. | ) 3.   42 U.S.C. § 1983 et seq. |
| | )       (1st Amendment; Petition Govt.) |
| 18           Defendants. | ) |
| 19 | ) 4.   42 U.S.C. § 1983 et seq. |
| | )       (4th Amendment; Unlawful Policies, |
| 20 | )        Customs or Habits) |
| 21 | ) |
| 22 | ) |
| 23 | ) |

24
25
26
27
28

Plaintiff, KATHY ARNOLD, by and through counsel, hereby alleges the following upon information and belief:

## JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. §1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by defendants CITY OF SANTA CLARA, THE SAN JOSE POLICE DEPARTMENT, OFFICER HUYNH (ID No. 3840), OFFICER GRAEME NEWTON (ID No. 4026), OFFICER BRIAN-ANTHONY ASUELO (ID No. 4232), AND DOES 1-50. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions.

## GENERAL ALLEGATIONS

2. Plaintiff is and was at all material times mentioned herein a resident of the County of Santa Clara, State of California.

3. At all times mentioned herein defendants DOES 1 through 50 were employees of defendant CITY OF SAN JOSE and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The defendant named above and DOES 1 through 50 are sued individually and in their capacities as employees of the CITY OF SAN JOSE.

4. Defendant CITY OF SAN JOSE are public entities existing under the laws of the State of California and are the employers of the individual defendants mentioned above.

5. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed

1    and believes and thereon alleges that all defendants sued herein as DOES are in some manner

2    responsible for the acts and injuries alleged herein.

3        6. Plaintiff is informed and believes and therefore alleges that at all times mentioned

4    herein each of the defendants was the agent, servant and/or employee of each of the remaining

5    defendants and were, in doing the acts herein alleged, acting within the course and scope of this

6    agency and/or employment and with the permission, consent and authority of their co-defendants

7    and each of them, and each is responsible in some manner for the occurrences hereinafter

8    alleged; and that Plaintiff's injuries were proximately caused by the actions of each.

9                              **FACTUAL ALLEGATIONS**

10

11       7. On May 9, 2014, Officers GRAEME NEWTON and BRIAN-ANTHONY ASUELO

12   of the San Jose Police Department ("SJPD") searched Ms. ARNOLD's motorhome without a

13   warrant. The search was premised on ANDRE WASHINGTON, a narcotics probationer with a

14   search waiver, being seen near the motorhome. Additionally, they indicated Ms. ARNOLD

15   consented to the search. However, the officer coerced Ms. ARNOLD into believing she had no

16   choice. Because no exception to the warrant requirement was met, the officers violated the

17   Fourth Amendment. During the search inside the motorhome, the officers found a pipe and a

18   small amount of methamphetamine. As a result, Mr. ARNOLD was arrested for violating

19   California Health & Safety Code sections 11377 (possession of a controlled substance) and

20   11364 (possession of paraphernalia).

21       8. Upon being detained on or about May 9, 2014, Ms. ARNOLD was handcuffed too

22   tightly. Her blood circulation was cut off in her wrists. She complained, but Officers NEWTON

23   and ASUELO ignored her. She remained handcuffed and in severe pain for at least five hours.

24   By the time she was finally booked in county jail, her wrists had swelled to extreme levels. As a

25   result, the booking officer was initially unable to remove the handcuffs.

26       9. Additionally, while detained on or about May 9, 2014, Ms. ARNOLD was denied the

27   opportunity to use the restroom for more than five hours. As a result of not urinating for the

28

prolonged time period, Ms. ARNOLD developed a bladder infection for which she sought medical care.

10.  On January 7, 2015, the Santa Clara County District Attorney's Office dismissed Ms. ARNOLD'S case in the interests of justice.

11.  On February 7, 2015, at approximately 8:30 a.m., DOES 1 through 10 of the SJPD contacted Ms. ARNOLD. She was inside her motorhome parked in the parking lot of CVS Pharmacy at 2514 Berryessa Road, San Jose, CA 95132. After loudly knocking on her door, the officers demanded that she come outside. Ms. ARNOLD complied. Thereafter, the officers entered the motorhome and conducted a search despite Ms. ARNOLD's objections. They did so without a warrant, probable cause to search, or her consent. Additionally, without reasonable cause, the officers administered Ms. ARNOLD a series of field sobriety tests (FSTs). Both the motorhome search and administration of FSTs violated Ms. ARNOLD's Fourth Amendment right to be free from unreasonable searches and seizures.

12.  Between February 7, 2015 and February 13, 2015, Ms. ARNOLD filed a complaint (IA No: I2015-0045) with the Office of the Independent Police Auditor (IPA) in San Jose, CA. The complaint alleged constitutional violations committed by SJPD had occurred in the CVS parking lot on February 7, 2015.

13.  On February 13, 2015, JOHN LYONS, a friend of Ms. ARNOLD, filed an additional complaint (IA No: I2015-0046) on her behalf. In his complaint to the IPA, Mr. LYONS addressed the unconstitutional conditions of Ms. ARNOLD's May 9, 2014 arrest. Officer HUYNH (Badge No. 3840) of the SJPD was assigned to investigate Ms. ARNOLD's complaints.

14.  Between February 13, 2015 and February 6, 2016, DOES 1 through 50 of the SJPD have repeatedly contacted Ms. ARNOLD. Between these dates, on at least six occasions, these officers have forced her to leave various public locations without cause. On one occasion, Ms. ARNOLD's motorhome was was parked at Berryessa Creek Park located at 3050 Berryessa Road in San Jose, CA 95132. Despite being regular park hours, the officers required her to

immediately leave the park. Additionally, that day, Ms. ARNOLD was participating in park

clean-up duties as part of Santa Clara County's General Assistance (GA) program.

15.  On January 7, 2016, the IPA issued a disposition of "Exonerated" with regard to the

officers alleged to have violated Ms. ARNOLD's Fourth Amendment rights.

16.  On February 6, 2016, Officer HUYNH and DOES 1 through 50 of the SJPD pulled

over Ms. ARNOLD in late afternoon. Ms. ARNOLD had just exited the CVS Pharmacy parking

lot located at 2514 Berryessa Road in San Jose, CA 95132. At the time, Ms. ARNOLD was

attempting to enter the McDonald's parking lot across the street (at 1142 North Capitol Avenue).

Officer HUYNH told Ms. ARNOLD to step outside her motorhome. Ms. ARNOLD complied.

Officer HUYNH then explained to Ms. ARNOLD that a purse snatcher was at large and believed

to be hiding in Ms. ARNOLD's motorhome. Ms. ARNOLD adamantly rejected any search of her

motorhome. Thereafter, SJPD officers, under the direction of Officer HUYNH, detained Ms.

ARNOLD for a prolonged time period in the McDonald's parking lot. However, there was no

reasonable cause for her detention. The purse snatching victim, YOLANDA GALDEN, revealed

that SJPD caught the suspect hours before detaining Ms. ARNOLD. Thus, although no search

occurred of the motorhome, Ms. ARNOLD was subjected to unreasonable seizure in violation of

the Fourth Amendment.


**FIRST CAUSE OF ACTION**
**[42 U.S.C. § 1983 Constitutional Violations-**
**Unlawful Search and Seizure/Excessive Force**
**Against All Defendants]**

17. Plaintiff realleges and incorporates by reference each and every allegation contained

in Paragraphs 1 through 16 above as though fully set forth herein.

18. As a result of the acts alleged above, Plaintiff was unlawfully seized by Defendants

DOES 1 through 50. Thus, Plaintiff suffered an unlawful search and seizure in violation of her

constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution.

As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

19. As a further result of the acts alleged above, Defendants and DOES 1 through 50 used unnecessary, unjustified and excessive force upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

20. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered emotional distress due to the arrest and the humiliation that she felt. As a further result, Plaintiff claims physical damages due to being handcuffed too tightly and being denied a facility to urinate for an unreasonable time period by Officers NEWTON and ASUELO, and DOES Defendants.

21. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### [42 U.S.C. § 1983 Constitutional Violations-
### Unlawful Search and Seizure/False Arrest
### Against All Defendants]

22. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

23. As a result of the acts alleged above, Plaintiff was unlawfully seized by Defendants DOES 1 through 50. Thus, Plaintiff suffered an unlawful search and seizure in violation of her constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

24. As a further result of the acts alleged above, Defendants and DOES 1 through 50 used unnecessary, unjustified and excessive force upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

25. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered emotional distress due to the arrest and the humiliation that he felt. As a further result, Plaintiff claims physical damages due to being handcuffed too tightly and denied restroom facilities for an unreasonably prolonged time period by Officers NEWTON and ASUELO.

26. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**[42 U.S.C. § 1983 Constitutional Violations - Retaliation Against
Exercise of First Amendment Right to Petition Government
Against All Defendants]**

27. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

28. As a result of the acts alleged above, Plaintiff suffered unlawful retaliation and harassment in response to her filing of legitimate complaints against Defendants.  This violates her constitutional rights as guaranteed by the First Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

29.

31. In committing the acts alleged above, the Defendants, including DOES 1 through 50 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### [42 U.S.C. S 1983 Constitutional Violations via Unlawful Policies, Customs or Habits Against the CITY OF SAN JOSE]

37. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

38. On information and belief Plaintiff alleges that defendant CITY OF SAN JOSE, through its Police Department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its officers, including the individual defendants named herein, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. 1983, in an amount to be proven at trial.

39. Further, on information and belief Plaintiff alleges that defendant CITY OF SAN JOSE, through its Police Department, has an unlawful policy, custom or habit of permitting or condoning the unnecessary and unjustified use of force by their employees, including Officers NEWTON and ASUELO, and DOES 1 through 50, of permitting or condoning acts of unreasonable force related thereto by its officers, including the individual defendant named herein. Defendant CITY OF SAN JOSE, through its Police Department, has further unlawful policies, customs and habits of inadequate training, supervision and disciplining of errant employees. Said unlawful policies, customs and habits proximately caused the constitutional deprivations, injuries and damages alleged in the First and Second Causes of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

40. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff suffered the injuries alleged in paragraphs above and thus is entitled to general and compensatory damages in an amount to be proven at trial.

## STATUTE OF LIMITATIONS HAS BEEN TOLLED

41.  The complaint has been filed timely, and any statute was tolled pending the outcome of the criminal prosecution arising from the arrest and detention of Ms. ARNOLD which gives rise to this lawsuit pursuant to California Government Code § 945.3. On January 7, 2015, Ms. ARNOLD's criminal charges were dismissed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1.     For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2.     For exemplary and punitive damages defendants and each of them, in an amount to be proven at trial;

3.     For costs of suit herein, including reasonable attorney's fees; and

4.     For such other and further relief as the Court deems proper.

Dated: May 6, 2016

s/James E. Dunn
jamesdunn@jamesdunn.com
Attorney for KATHY ARNOLD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all appropriate issues so triable.

Dated: May 6, 2016

s/James E. Dunn
jamesdunn@jamesdunn.com
Attorney for KATHY ARNOLD